**FILED**

**November 22, 2021**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0559 – *James C. Justice, II, Governor of the State of West Virginia v. West Virginia AFL-CIO, et al.*

Justice Hutchison, dissenting, and joined by Justice Wooton:

I must respectfully dissent to the majority opinion, which holds that the circuit court abused its discretion in granting a preliminary injunction – an injunction that did no more than maintain a status quo ante that has existed for more than half a century,[1] in order to give the parties an opportunity to marshal all of their evidence and fully brief their respective legal positions. In its carefully considered thirty-seven-page decision, the circuit court determined that the respondents' evidence was sufficient to support a finding, at least at this very early stage of the proceeding, that the "flexible interplay"[2] of relevant factors to be considered when a party seeks preliminary injunctive relief had been met.

It is axiomatic that courts base their rulings on the evidence presented by the parties, not on technicalities. In this regard, the Paycheck Protection Act, which prohibits public employers from withholding union dues from employees' paychecks, was slated to take effect 90 days after passage. With the clock ticking, the respondents raced to circuit

---

[1] It is undisputed that during that period of time no employer or employee ever objected to, or complained about, the withholding of union dues from state employees' paychecks.

[2] *Jefferson Cty. Bd. of Educ. v. Jefferson Cty. Educ. Ass'n*, 183 W. Va. 15, 24, 393 S.E.2d 653, 662 (1990).

court to seek a preliminary injunction,[3] and offered witnesses, documents, and affidavits to support their claim that enforcement of the new law would cause them harm. The petitioner offered no evidence to refute the respondents' claim of harm in the absence of injunctive relief, and no evidence that the State or the public would be harmed by the issuance of such relief. Accordingly, relying upon the evidence presented, the circuit court entered a preliminary injunction to preserve the status quo, thus allowing public employers to continue withholding union dues from employees' paychecks while the underlying case was litigated on the merits.

In this case, as in any case where temporary injunctive relief is sought, the respondents' evidence was assembled on an emergency basis and for a specific purpose: to obtain a preliminary injunction temporarily halting implementation of the new law until the parties could conduct discovery and prepare their respective cases for trial. Nonetheless, the majority has taken the respondents' hastily cobbled-together evidence – again, offered solely for the purpose of getting a temporary injunction – and conducted a merits review, thus bypassing and usurping the role of the circuit court. And while the majority purports to remand this case to the circuit court for further proceedings, it has "so completely resolved the underlying constitutional issues that it renders such remand nothing but a perfunctory exercise." *Morrisey v. West Virginia AFL-CIO* (*Morrisey I*), 239 W. Va. 633, 646, 804 S.E.2d 883, 896 (2017) (Workman, J., concurring in part and

---

[3] The respondents' complaint and motion for injunctive relief were filed simultaneously.

dissenting in part).  In practical effect, the majority has deprived the respondents of their day in court by making it clear, on the basis of nothing more than the evidence respondents were able to produce for an emergency hearing held within three weeks of filing their complaint, that they can't – and won't – win.  I refuse to accept this proposition at this early stage of the proceedings, before the first deposition has been taken or the first interrogatory sent.

I do not hold an opinion on whether the respondents can ultimately prevail on the merits of their case.  But I am troubled that the majority opinion, in the absence of any evidence on the question, has chosen to co-opt the role of the circuit court in making that determination in the first instance.  The respondents should be permitted to try their case in the proper forum, the circuit court, not to a conclusion preordained by today's majority opinion but rather to a fair and just conclusion based on the evidence and the law.

I am also troubled that in its zeal to put this matter to bed without giving the respondents a fair chance to develop their evidence and prove their case, the majority has short-circuited standard procedures designed to ensure that cases are resolved on the merits in circuit court before review by this Court on a cold record.  For example, the State's core argument here is that the respondents' complaint does not state a legally viable cause of action, a contention that should be examined in the first instance pursuant to a 12(b)(6) motion;[4] the proper way to test the merits of a case is in the trial court, not on interlocutory

---

[4] W. Va. R. Civ. P. 12(b)(6).

3

appeal of a preliminary injunction. Second, neither the petitioner nor, apparently, the majority, ever considered that "the power to grant or refuse or to modify, continue, or *dissolve* a temporary or a permanent injunction . . . ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case[.]" Syl. Pt. 11, *Stuart v. Lake Washington Realty Corp.*, 141 W. Va. 627, 92 S.E.2d 891 (1956) (emphasis added). In this case, the circuit court properly entered a preliminary injunction based on the facts and circumstances presented by the parties; thereafter, rather than rushing to this Court to seek dissolution of the injunction, the petitioner could and should have marshaled the State's evidence and petitioned the circuit court for dissolution.

The courts of this State are required to provide a level playing field where citizens can fully assert their common-law, statutory, and constitutional rights. Cases are to be decided on their merits, not on technicalities, and circuit judges are in the best position to allow the parties to give voice to their respective positions. This Court needs to stand aside, let the parties present their evidence below, and let the circuit court, not this appellate court, decide the case on the merits of those arguments in light of the evidence. Because that did not happen in this case, and because the majority went ahead and resolved the merits of the case in what is in effect an advisory opinion,[5] I must respectfully dissent.

I am authorized to state that Justice Wooton joins in this dissent.

---

[5] By dissolving the preliminary injunction, the majority has ensured that any victory by the respondents on remand will be pyrrhic, at best. First, once this Court's mandate has issued and the injunction is dissolved, the horse will be out of the barn. Second, it is clear from the majority's opinion that no matter what the circuit court may do or say, this case has been decided and the Paycheck Protection Act will be upheld when the case reaches this Court again.